Juliette P. White, USB #9616
Hannah Ector, USB #17980
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, UT 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
JWhite@parsonsbehle.com
HEctor@parsonsbehle.com
ecf@parsonsbehle.com

Jeffrey A. LeVee (*pro hac vice*)
Eddie Hasdoo (*pro hac vice*)
**JONES DAY**
555 South Flower Street, 50th Floor
Los Angeles, CA 90071
jlevee@jonesday.com
ehasdoo@jonesday.com

*Attorneys for Defendant RE/MAX, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HOMIE TECHNOLOGY, INC., a Delaware corporation,<br>  Plaintiff,<br>v.<br>NATIONAL ASSOCIATION OF REALTORS, an Illinois non-profit association; ANYWHERE REAL ESTATE INC., a Delaware corporation; KELLER WILLIAMS REALTY, INC., a Texas corporation; HOMESERVICES OF AMERICA, INC., a Delaware corporation; HSF AFFILIATES, LLC, a Delaware limited liability company; RE/MAX LLC, a Delaware limited liability company; and WASATCH FRONT REGIONAL MULTIPLE LISTING SERVICE, INC., a Utah corporation,<br>  Defendants. | **MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(B)(2) AND MEMORANDUM OF LAW IN SUPPORT OF MOTION BY DEFENDANT RE/MAX, LLC**<br><br>Case No. 2:24-cv-00616-DAK-JCB<br><br>District Judge: Hon. Dale A. Kimball<br>Magistrate Judge Hon. Jared C. Bennett |

  RE/MAX, LLC ("RML"), through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(2) and DUCivR 7-1(a), moves for dismissal because Plaintiff Homie Technology, Inc. ("Homie") has failed to establish personal jurisdiction in the District of Utah over RML.

1

**INTRODUCTION AND GROUNDS FOR RELIEF**

RML has filed a joint motion to dismiss with Anywhere Real Estate, Inc. ("Anywhere") that seeks dismissal of all claims in this matter pursuant to Fed. R. Civ. P. 12(b)(6) on grounds that are equally applicable to Anywhere and RML. ECF No. 71. RML incorporates that joint filing herein. RML writes separately here, and pursuant to DUCivR 7-1(a)(8), to request dismissal on an additional basis that is briefed fully by Keller Williams Realty, Inc. ("Keller Williams") in Section II of the Memorandum of Law in Support of Keller Williams Realty Inc.'s Motion to Dismiss Plaintiff's Complaint. ECF No. 70.

RML is similarly situated to Keller Williams on the issue of personal jurisdiction. As detailed in the accompanying Declaration of Amy Lessinger, RML is exclusively a franchisor—with its headquarters and principal place of business in Denver, Colorado—and RML has no offices or other presence in Utah. RE/MAX brand franchisees throughout the United States, including in Utah, are independently owned and operated brokerages that retain their own employee and independent contractor real estate agents. RML itself is not a member of the National Association of Realtors® ("NAR") or any MLS. And all of the individuals who are affiliated with the RE/MAX brand that are identified by Plaintiffs in the Complaint are not, and have never been, employed by RML. As explained more fully below, and for the same reasons articulated on behalf of Keller Williams, this District of Utah lacks both general and specific jurisdiction over RML, and the Court should therefore dismiss RML on that basis.

**MEMORANDUM OF LAW IN SUPPORT OF RELIEF**

Plaintiffs cannot establish general jurisdiction over RML in Utah. RML is Delaware company with its headquarters and principal place of business in Denver, Colorado. *See*

4857-8837-8353.v1

Declaration of Amy Lessinger ("Lessinger Decl.") ¶¶ 4-5, filed concurrently herewith. RML has no offices or other presence in Utah. *Id.* at ¶ 14. To the extent that Plaintiffs identify individuals associated with independently owned and operated franchisees, those individuals are not RML employees and their affiliation with RE/MAX brand franchisees does not create any agency relationship with RML in its capacity as a franchisor. *Id.* at ¶¶ 9-17, 23-35. Thus, for the same reasons argued in the separate motion filed by Keller Williams, *see* ECF No. 70 at 21-22, there is no general jurisdiction over RML in Utah.

Plaintiffs also cannot establish specific jurisdiction over RML in Utah for the claims at issue in this litigation. RML's business involves selling franchise opportunities and gathering fees for the limited use of the RE./MAX brand and trademarks. *Id.* at ¶ 6. RML is not a broker and does not engage in real estate brokerage activity, nor does it employ, direct, or control any real estate salesperson. *Id.* at ¶ 9. All of the allegations regarding individuals associated with RE/MAX relate to brokers or agents of independently owned and operated franchisees that are not (and have never been) employed by RML. *Id.* at ¶¶ 23-35. Thus, for the same reasons argued in the separate motion filed by Keller Williams, *see* ECF No. 70 at 22-25, Homie cannot establish that RML took any requisite "suit-related" action in Utah that would suffice for specific jurisdiction.

## **CONCLUSION**

This Court should grant dismissal as to RML pursuant to Fed. R. Civ. P. 12(b)(2).

Dated:   October 18, 2024

                                              */s/ Hannah Ector*
Juliette P. White
Hannah Ector
PARSONS BEHLE & LATIMER

Jeffrey A. LeVee
Eddie Hasdoo
JONES DAY

*Attorneys for Defendant RE/MAX, LLC*

4

4857-8837-8353.v1

## CERTIFICATE OF SERVICE

I certify that on October 18, 2024, I caused to be filed the foregoing **MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(2) AND MEMORANDUM OF LAW IN SUPPORT OF MOTION BY DEFENDANT RE/MAX, LLC** with the Clerk of Court using the Court's CM/ECF filing system and which sent electronic notification of the filing to counsel of record in this matter.

*/s/ Hannah Ector*

4857-8837-8353.v1