MASCHOFF BRENNAN GILMORE
    ISRAELSEN & MAURIEL, LLP
Sterling A. Brennan (USBN 10060)
    *sbrennan@mabr.com*
L. Rex Sears (USBN 8548)
    *rsears@mabr.com*
95 South State Street, Suite 800
Salt Lake City, UT 84111
Telephone: (801) 297-1850

Attorneys for Plaintiff
HOMIE TECHNOLOGY, INC.

DHILLON LAW GROUP INC.
Andrew K. Mann (*pro hac vice*)
    *akmann@dhillonlaw.com*
Christopher G. Renner (*pro hac vice*)
    *cgrenner@dhillonlaw.com*
Jonathan M. Shaw (*pro hac vice*)
    *jshaw@dhillonlaw.com*
2121 Eisenhower Avenue, Suite 608
Alexandria, VA 22314
Telephone: (415) 433-1700

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HOMIE TECHNOLOGY, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONAL ASSOCIATION OF REALTORS, an Illinois non-profit association; ANYWHERE REAL ESTATE INC., a Delaware corporation; KELLER WILLIAMS REALTY, INC., a Texas corporation; HOMESERVICES OF AMERICA, INC., a Delaware corporation; HSF AFFILIATES LLC, a Delaware limited liability company; and RE/MAX, LLC, a Delaware limited liability company,<br><br>    Defendants. | Case No. 2:24-cv-00616-DAK-JCB<br><br>**PLAINTIFF'S AMENDED AND SUPPLEMENTAL CONTINGENT MOTION FOR JURISDICTIONAL DISCOVERY**<br><br>**(Request for Judicial Notice and Declaration of Sterling A. Brennan in support thereof filed herewith)**<br><br><u>Hearing on Defendants' Motions to Dismiss</u>:<br>Date:  Thursday, February 13, 2025<br>Time:  2:00 p.m.<br>Place:  Via Zoom<br><br><br>District Judge:    Hon. Dale A. Kimball<br>Magistrate Judge:  Hon. Jared C. Bennett |

In its consolidated opposition (ECF 78) to defendants' various motions to dismiss (ECF 69, 70, 71, 72 & 74), plaintiff Homie Technology, Inc. ("Homie" or "Plaintiff") included a *contingent* request that, if this Court were not otherwise sufficiently convinced that it has personal jurisdiction over those defendants who assert that it does not, it authorize Homie to conduct jurisdictional discovery. In their reply briefs, defendants HomeServices of America, Inc. ("HSA") and HSF Affiliates LLC (collectively, "the HomeServices Defendants"), Keller Williams Realty, Inc. ("Keller Williams"), and RE/MAX, LLC ("RML) contended that this request should be ignored because it should have been the subject of a separate motion. While Homie disagrees with their position, it nonetheless files this amended and supplemental motion prophylactically so that there will be no need to focus on a procedural sideshow rather than the merits.[1]

And, on the merits, in the unlikely event that the Court were to conclude that the allegations of Homie's Complaint are insufficient to establish personal jurisdiction, then the law clearly favors the Court authorizing the requested jurisdictional discovery. The Court has discretion to order jurisdictional discovery. *Budde v. Ling-Temco-Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir. 1975) ("When a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion."). A district court abuses that discretion if the denial results in prejudice to the movant. *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002). "Prejudice is present where pertinent facts

---

[1] Homie's initial Contingent Motion for Jurisdictional Discovery (ECF 91) inadvertently omitted RML as one of the parties to which the motion was responding and from whom discovery would be sought.

bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Id.* (cleaned up).

Jurisdictional discovery should be ordered to establish the facts relevant to the Court's exercise of jurisdiction over HSA and Keller Williams under Section 12 of the Clayton Act, 15 U.S.C. § 22.[2] Under Section 12's venue provision, venue is proper as to a corporate defendant if, "in the ordinary and usual sense, it 'transacts business' [in that judicial district] of any substantial character." *Eastman Kodak Co. of N.Y. v. S. Photo Materials Co.*, 273 U.S. 359, 373 (1927). The test is the "practical, everyday business or commercial concept of doing or carrying on business of any substantial character…." *United States v. Scophony Corp. of Am.*, 333 U.S. 795, 807 (1948); *Wilshire Oil*, 523 F.2d at 128 ("[I]n determining whether a corporation is transacting business within a district, practical business conceptions are to be considered rather than hair-splitting legal technicalities. It is not a lawyer's contest."). Venue may be proper under Section 12 based solely on "purchasing activity as well as sales activity" in the forum state, and "the substantiality of the business transacted is to be judged from the point of view of the average businessman and not in proportion to the sales or revenues of the defendant[.]" *Black v. Acme Mkts., Inc.*, 564 F.2d 681, 687 (5th Cir. 1977). The business transacted in the forum need not be connected with the litigation. *Wilshire Oil*, 523 F.2d at 132. And there is no requirement that the defendant have offices or employees in the forum. Id. at 127–28. A holding company such as

---

[2] As explained in Homie's consolidated response to defendants' motions to dismiss (ECF 78 at 28-30), courts both in this District and the Tenth Circuit have not required plaintiffs to satisfy the venue provision of Section 12 to exercise personal jurisdiction under that section. But if this Court holds to the contrary, then jurisdiction under Section 12 would be proper if the venue provision of Section 12 is satisfied.

HSA may also transact business in the forum under Section 12 through the activities of its subsidiaries in the forum when it exercises some control over those subsidiaries' operations relevant to the plaintiff's antitrust claim. *Phone Directories Co. v. Contel Corp.*, 786 F. Supp. 930, 941–42 (D. Utah 1992).

      Homie's Complaint alleges that HSA's affiliates and subsidiaries, and Keller Williams, broker billions of dollars of residential real estate transactions in this District. (ECF 1 ¶¶ 21, 23.) Limited jurisdictional discovery is necessary here because the Complaint plausibly alleges that HSA and Keller Williams, two of the largest brokerage firms in the United States, transact business in this District within the meaning of Section 12, and because the declarations they submitted do not controvert the facts that would satisfy Section 12. Indeed, Keller Williams submitted a declaration that on its face discloses transactions in Utah likely sufficient to satisfy personal jurisdiction under Section 12. (ECF 70-1 ¶¶ 3, 6 (Keller Williams declaration showing that it transacts business with franchisees in Utah).) Franchise fees or other expenditures flowing between Utah and defendants or their subsidiaries would likely establish jurisdiction over them even under the restrictive reading of Section 12.

      Similarly, the HomeServices Defendants' affidavits (ECF 83-1 & 83-2) regarding their lack of connection to the NAR conspiracy—in addition to impermissibly purporting to contradict the well-pleaded allegations of the Complaint—also raise questions as to which discovery would be appropriate. For example, although the HomeServices Defendants strenuously deny that they participated in the conspiracy described in the Complaint, the Complaint clearly alleges (at ECF 1, ¶ 42) that a jury trial was held in which a consumer class was awarded $1.8 billion in damages against the HomeServices Defendants, among others, for their participation in a conspiracy to

3

follow and enforce the Buyer Broker Compensation Rule, one of the NAR rules at issue in this case, to the detriment of consumers. (Jury Verdict Form at 1-2, *Burnett v. Nat'l Assoc. of Realtors*, No. 4:19-cv-00332 (W.D. Mo. Oct. 31, 2023) ("*Burnett* Verdict"), ECF 1294.[3]) Thus, a jury has already made a finding directly contrary to denials the HomeServices Defendants now make regarding their involvement with NAR and the making and enforcement of its rules at and through multi-listing services throughout the United States. Similarly, although the HomeServices Defendants claim that they do not require their affiliated brokerages and agents to be NAR members or follow NAR rules, the court in *Burnett* found a triable issue of fact on precisely this issue. *Burnett v. Nat'l Ass'n of Realtors*, No. 4:19-cv-00332-SRB, 2022 WL 17741708, at *3 & n.7 (W.D. Mo. Dec. 16, 2022). At a minimum, this shows that the HomeServices Defendants' denials of such involvement should not be accepted without probing.

By the same token, Homie's Complaint in this case clearly alleges (e.g., at ¶¶ 21, 120-21), contrary to the HomeServices Defendants' current denials, that the HomeServices Defendants own and control various participants in the Utah real estate market—something that can be readily verified by a quick web search. (*See, e.g.,* https://www.bhhs.com/utah-properties-ut301 (website for Berkshire Hathaway Homeservices Utah Properties Intermountain Properties).) If, as Homie suspects, the HomeServices Defendants are relying on artfully phrased statements that draw careful distinctions about corporate affiliates to support their claims about

---

[3] This Court can—and is requested to—take judicial notice of the *Burnett* Verdict, a copy of which is attached as <u>Exhibit A</u> to the Declaration of Sterling Brennan in support of Homie's request for judicial notice filed herewith. *Bruce v. City & Cnty. of Denver*, 57 F.4th 738, 742 (10th Cir. 2023) ("a federal court may take judicial notice of another court's publicly filed records if they have a direct relation to matters at issue.").

lack of involvement in the industry in this State, then discovery is appropriate to determine whether additional affiliates should be added and the extent to which the acts of their affiliates are imputable to the HomeServices Defendants themselves. *Wilshire Oil*, 523 F.2d at 128 (jurisdiction is "not a lawyer's contest."). It is well-established that corporate parents are responsible for the foreseeable conduct of their affiliates in Utah. *Nobody in Particular Presents, Inc. v. Clear Channel Commc'ns, Inc.*, 311 F. Supp. 2d 1048, 1070 (D. Colo. 2004) ("When the parent controls, directs, or encourages the subsidiary's anticompetitive conduct, the parent engages in sufficient independent conduct to be held directly liable as a single enterprise with the subsidiary under the Sherman Act" (citing *Copperweld Corp. v. Indep. Tube Corp.*, 467 U.S. 752, 773–74 (1984))). Indeed, this was recognized in *Burnett*, where the court denied defendants summary judgment. *Burnett*, 2022 WL 17741708, at *8 (rejecting argument that the corporate defendants "cannot be held liable for their conduct of their associated brokers" when the defendants had "encouraged or directed compliance" with the Buyer Broker Compensation Rule).

  Homie contends that the allegations of the Complaint establish personal jurisdiction over *all* defendants. But should the Court hold concern that such jurisdiction is lacking as to those defendants who have so argued (i.e., the HomeServices Defendants, Keller Williams, and RML), then the Court should authorize Homie to conduct limited jurisdictional discovery, the precise nature of which cannot be known until this Court makes clear in which respects, if any, those pre-discovery allegations are insufficient.

Dated: January 3, 2025

Respectfully submitted,

Sterling A. Brennan
L. Rex Sears
MASCHOFF BRENNAN
   GILMORE ISRAELSEN & MAURIEL, LLP

Andrew K. Mann
Christopher G. Renner
Jonathan M. Shaw
DHILLON LAW GROUP, INC.

*/s/ Sterling A. Brennan*
   Sterling A. Brennan

Attorneys for Plaintiff HOMIE TECHNOLOGY, INC.