Bryon Benevento (5254)
DORSEY & WHITNEY LLP
111 S. Main St., Suite 2100
Salt Lake City, Utah 84111
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
benevento.bryon@dorsey.com

Scott E. Murry (*pro hac vice*)
HOOVER HULL TURNER LLP
111 Monument Circle, Suite 4400
Indianapolis, IN 46244-0989
Telephone: (317) 822-4400
smurray@hooverhullturner.com

*Attorneys for Defendant HomeServices of America, Inc.
and HSF Affiliates LLC*

IN AND FOR THE UNITED STATES DISTRICT COURT,
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HOMIE TECHNOLOGY, INC., a Delaware corporation,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>NATIONAL ASSOCIATION OF REALTORS, an Illinois non-profit association; ANYWHERE REAL ESTATE INC., a Delaware corporation; KELLER WILLIAMS REALTY, INC., a Texas corporation; HOMESERVICES OF AMERICA, INC., a Delaware corporation; HSF AFFILIATES, LLC, a Delaware limited liability company; RE/MAX LLC, a Delaware limited liability company; and WASATCH FRONT REGIONAL MULTIPLE LISTING SERVICE, INC., a Utah corporation,<br><br>　　　　　　　　Defendants. | **HOMESERVICES' AND HSF'S OPPOSITION TO PLAINTIFF'S SUPPLEMENTAL CONTINGENT MOTION FOR JURISDICTIONAL DISCOVERY**<br><br>Case No.: 2:24-cv-00616<br><br>Hearing on Defendants' Motions to Dismiss: February 13, 2025, at 2:00 p.m. (via Zoom)<br><br>District Judge: Hon. Dale A. Kimball<br>Magistrate Judge: Hon. Jared C. Bennett |

Plaintiff's "contingent" request to take jurisdictional discovery keeps changing. But regardless of which version the Court considers, Plaintiff's request is both procedurally improper and unjustified.

***First, the Federal Rules do not contemplate a "contingent" motion.*** Defendants HomeServices of America, Inc. ("HomeServices") and HSF Affiliates LLC ("HSF") have moved to dismiss this case for lack of personal jurisdiction and submitted supporting affidavits. After receiving that motion, Plaintiff could have immediately filed a motion seeking jurisdictional discovery and explained to the Court what additional information it needed to respond. But Plaintiff chose a different path—Plaintiff chose to file a substantive opposition to the motions and to request an oral argument on those motions. (ECF No. 78.) In violation of this Court's local rules, Plaintiff's opposition included a request for "limited jurisdictional discovery of the contacts of [HomeServices of America, Inc.] and Keller Williams with Utah"—but only if the Court "(a) declines to follow *Van Ornum* and instead reads Section 12 restrictively, and (b) finds the Complaint's allegations regarding the substantial business transacted by these Defendants in Utah insufficient . . . ." *Id.* at 30. Then—after HomeServices and HSF filed their replies and this Court set the motions for oral argument—Plaintiff filed its "contingent" motion for jurisdictional discovery. (ECF No. 91 and 94.)

In effect, Plaintiff is asking this Court to provide an advisory opinion and to permit Plaintiff two bites at the apple. As another federal court explained under similar circumstances:

> [I]t is Plaintiffs', not the Court's, burden to establish that the exercise of personal jurisdiction is appropriate; this means, among other things, that the Court should not first decide whether Plaintiffs have failed to meet that burden and, if so, *sua sponte* order jurisdictional discovery to see whether Plaintiffs—aided by such discovery—can meet their burden on a do-over.

*JRS Partners, GP v. Leech Tishman Fuscaldo & Lampl, LLC,* 2020 WL 5877131, at *1, n.1 (M.D. Tenn. Oct. 2, 2020) (denying jurisdictional discovery). The fact that Plaintiff here filed a

1

belated "contingent" motion for jurisdictional discovery is immaterial. As in *JRS Partners*, Plaintiff is asking the Court to first decide whether it has satisfied its jurisdictional burden and, if not, to then grant it a do-over. Such a request is improper.

***Second, Plaintiff's request for discovery is a moving target and does not identify with specificity what discovery Plaintiff seeks.*** As noted above, in its opposition to the motions to dismiss, Plaintiff initially stated that, if the Court determined that Plaintiff had not established jurisdiction under Section 12 of the Clayton Act, then Plaintiff should be permitted to take "limited jurisdictional discovery of the contacts of [HomeServices of America, Inc.] and Keller Williams with Utah." (ECF No. 78 at 30.) Presumably because Plaintiff concedes the Clayton Act cannot provide jurisdiction over limited liability companies (as opposed to corporations), Plaintiff's initial request for discovery did not mention HSF.

But in its belated "contingent" motion to take jurisdictional discovery, Plaintiff has broadened its request to encompass both HomeServices' and HSF's alleged connection to the supposed "NAR conspiracy" and whether acts of certain unidentified "affiliates are imputable to the HomeServices Defendants themselves." (ECF No. 94 at 4-5.) Because Plaintiff failed to include either of these topics in its initial request for discovery, the Court should find Plaintiff has waived them.

Moreover, "a plaintiff seeking jurisdictional discovery should make a detailed showing of what discovery it wishes to conduct or what results it thinks such discovery would produce." *City of Moundridge v. Exxon Mobil Corp.*, 244 F.R.D. 10, 15 (D.D.C. 2007) (internal quotation marks and citation omitted). A party's failure "to provide examples of discovery requests [it] would propound means that [it has] essentially asked for a jurisdictional fishing expedition, and the

2

court is not required to allow such an expedition." *McCarthy v. Yamaha Motor Manufacturing Corp.,* 994 F. Supp. 2d 1318, 1328 (N.D. Ga. 2014).

Here, Plaintiff has not identified with any specificity what discovery it seeks in connection with any of the original or newly identified topics. Indeed, Plaintiff states in its motion that "the precise nature of [the discovery it seeks] cannot be known until this Court makes clear in which respects, if any, those pre-discovery allegations are insufficient." (ECF No. 94 at 5.) Such an unsupported request fails to satisfy the specificity required for jurisdictional discovery and should be denied.

**Third, Plaintiff's passing references to the Burnett trial and unnamed HomeServices' affiliates do not justify jurisdictional discovery.** The *Burnett* case in Kansas City was brought by a class of home sellers who sold their homes on certain multiple listing services in Missouri. That case had nothing to do with Utah and thus cannot help Plaintiff establish personal jurisdiction here.[1]

Similarly, Plaintiff suggests it may be able to impute unidentified acts of unidentified corporate affiliates to either HomeServices and/or HSF if it is allowed to conduct jurisdictional discovery. (ECF No. 94 at 4-5.) But Plaintiff provides no evidence or other specific information to support this hypothesis.[2] Instead, Plaintiff refers only to its "suspicion" that the

---

[1] Moreover, a verdict form from another case is not "evidence" on which a court can base jurisdiction. *Nat'l Fair Hous. All. v. Brookdale Santa Fe,* 621 F. Supp. 3d 1271, 1280 (D.N.M. 2022) (taking judicial notice of findings in another case but holding such "facts" were not evidence that could support jurisdiction: "while recognizing that *Johnson* found certain facts as to the Brookdale corporate structure, the Court may not rely on the truth of those findings to decide the jurisdictional issue at dispute herein").

[2] At page 4 of its motion, Plaintiff refers to "Berkshire Hathaway HomeServices Utah Properties Intermountain Properties" as a "participate in the Utah real estate market" that HomeServices and/or HSF allegedly "own and control . . . ." (ECF No. 94 at 4.) But the website Plaintiff cites for this proposition states on its face that this entity is "[a]n independently owned and operated franchisee of BHH Affiliates, LLC."

3

"HomeServices Defendants are relying on artfully phrased statements that draw careful distinctions about corporate affiliates to support their claims about lack of involvement in the industry in this State . . . ." *Id.* Such generalized and unsupported statements are not sufficient to justify jurisdictional discovery. *Nat'l Fair Hous. All.,* 621 F. Supp. at 1284 (rejecting request for jurisdictional discovery into alter ego theory: "Plaintiff's alter ego/agency assertions are unsupported by any colorable facts, and Plaintiff has failed to identify what specific discovery it would seek or explain how any discovery it might seek would provide factual support for its alter ego/agency theory").

*Finally,* **Plaintiff's motion for jurisdictional discovery is futile.** As set forth in the various motions to dismiss, Plaintiff's claims fail on the merits. Thus, whether this Court has personal jurisdiction over HomeServices and/or HSF is immaterial. Jurisdictional discovery cannot cure those substantive defects.

***

For all the above reasons, Plaintiff's contingent motion to take jurisdictional discovery against HomeServices and HSF should be denied.

DATED this 17th day of January 2025.  **DORSEY & WHITNEY LLP**

By:  /s/ Bryon Benevento
Bryon Benevento

Attorneys for Defendants HomeServices of America, Inc., and HSF Affiliates LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of January 2025, a true and correct copy of the foregoing **HOMESERVICES' AND HSF'S OPPOSITION TO PLAINTIFF'S SUPPLEMENTAL CONTINGENT MOTION FOR JURISDICTIONAL DISCOVERY** was served electronically upon all counsel of record via the Court's CM/ECF filing system.

                                                                             */s/   Jacqueline Ervin*