Amy F. Sorenson (8947)
Annika L. Jones (16483)
SNELL & WILMER L.L.P.
15 West South Temple, Suite 1200
Gateway Tower West
Salt Lake City, Utah 84101
Telephone: 801.257.1900
Facsimile: 801.257.1800
Email: asorenson@swlaw.com
    aljones@swlaw.com

*Attorneys for Defendant Keller Williams Realty, Inc.*
(additional counsel admitted *pro hac vice* listed in signature block)

Juliette P. White, (9616)
Hannah Ector, (17980)
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Email: JWhite@parsonsbehle.com
    HEctor@parsonsbehle.com

*Attorneys for Defendant RE/MAX, LLC*
(additional counsel admitted *pro hac vice* listed in signature block)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HOMIE TECHNOLOGY, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL ASSOCIATION OF REALTORS, an Illinois nonprofit association; ANYWHERE REAL ESTATE INC., a Delaware corporation; KELLER WILLIAMS REALTY, INC., a Texas corporation; HOMESERVICES OF AMERICA, INC., a Delaware corporation; HSF AFFILIATES, LLC, a Delaware limited liability company; and RE/MAX LLC, a Delaware limited liability company,<br><br>Defendants. | **KELLER WILLIAMS REALTY, INC. AND RE/MAX LLC'S JOINT OPPOSITION TO HOMIE'S CONTINGENT MOTION FOR JURISDICTIONAL DISCOVERY**<br><br><u>Hearing on Defendants' Motions to Dismiss</u>:<br>Date: Thursday, February 13, 2025<br>Time: 2:00 p.m.<br>Place: Via Zoom<br><br>Case No. 24-cv-00616-DAK-JCB<br><br>District Judge: Hon. Dale A. Kimball<br>Magistrate Judge: Hon. Jared C. Bennett |

## TABLE OF CONTENTS

Page(s)

INTRODUCTION ...............................................................................................................................1

ARGUMENT .....................................................................................................................................4

I.    HOMIE'S REQUEST FOR JURISDICTIONAL DISCOVERY SHOULD BE DENIED BECAUSE IT DEPENDS ON ESTABLISHING JURISDICTION FOR A CLAIM IT FAILED TO PLEAD ..............................................................................4

II.    HOMIE IDENTIFIES NOTHING THAT IT SEEKS IN DISCOVERY, MUCH LESS DISCOVERY THAT COULD CURE JURISDICTIONAL DEFECTS .................6

CONCLUSION ..................................................................................................................................9

## INTRODUCTION

Plaintiff Homie Technology, Inc.'s motion for jurisdictional discovery should be denied as to Keller Williams Realty, Inc. and RE/MAX, LLC because it hardly mentions either defendant—much less overcomes substantive barriers that bar discovery at this early juncture. If anything, Homie's motion confirms and exposes this case's jurisdictional flaws as it relates to Keller Williams and RE/MAX.

**First**, the Court need not decide Homie's request for jurisdictional discovery, because it hinges on a claim Homie inadequately pleaded. Homie's sole basis for attempting to hale Keller Williams and RE/MAX—companies headquartered outside of Utah that have no operations here—before this Court is its claim under the Sherman Act, and the corresponding jurisdictional grant in Section 12 of the Clayton Act. But as Keller Williams explained in moving to dismiss the complaint, Homie, by definition, fails to plead its Sherman Act claim for a group boycott, lacks antitrust standing, and filed its claim too late. Thus, Homie staked its bid for jurisdiction on a claim it failed to plead—and the Court should deny its request for jurisdictional discovery.

**Second**, Homie's request for jurisdictional discovery also fails on the merits because Homie identifies no jurisdictional factual disputes about Keller Williams or RE/MAX that it seeks to resolve. To the contrary, Homie admits it cannot specify the documents it seeks in discovery. Homie also concedes that the parties' dispute is a legal one by arguing that Keller Williams's own declaration is sufficient for the Court to exercise jurisdiction because it discloses that Keller Williams has independent franchisees in Utah. Of course, Homie's legal position is wrong: As Keller Williams has explained, having independent franchisees in Utah is insufficient as a matter of law to confer jurisdiction. In any case, there are no jurisdictional factual disputes—and Homie

1

identifies none—for discovery to inform or for this Court to resolve.

Rather than justifying jurisdictional discovery from Keller Williams or RE/MAX, Homie focuses on the HomeServices defendants, devoting much of its brief to relitigating issues specific to HomeServices and the declarations it submitted. These arguments are irrelevant to Keller Williams's jurisdictional motion, which RE/MAX adopted, and Homie's few fleeting references to them are not enough to warrant jurisdictional discovery against either defendant.

## BACKGROUND

Keller Williams moved to dismiss Homie's complaint on October 18, 2024, because Homie failed to plead its claims under the Sherman Act and Utah law or establish personal jurisdiction over Keller Williams. (ECF No. 70 ("Mot. to Dismiss").)[1] On the merits, Keller Williams showed that Homie's claim under the Sherman Act failed to satisfy the Supreme Court's definition of a group boycott and that Homie lacked antitrust standing. (*Id*. at 8-19.) Keller Williams also demonstrated that it was not subject to personal jurisdiction under Utah's long-arm statute or Section 12 of the Clayton Act, especially because Keller Williams has no operations in Utah and does not offer real estate brokerage services here. (*Id*. at 21.)

In response, Homie argued that this Court should adopt an "expansive view" of personal jurisdiction by looking to supposed coconspirator acts in Utah or to Keller Williams's "nationwide" contacts under Section 12 of the Clayton Act. In a passage of its opposition brief, Homie also asked the Court to permit jurisdictional discovery, so it could try to satisfy Section 12's "transacts business" standard. (ECF No. 78, at 30-31.) But Homie did not identify any

---

[1] RE/MAX incorporated Keller Williams's motion to dismiss and reply (ECF Nos. 70, 84) in its own motion to dismiss and reply respectively. (ECF Nos. 72, 85.)

2

disputed jurisdictional facts about Keller Williams that discovery would resolve and did not suggest any basis to believe that discovery would reveal Keller Williams operations in Utah, much less operations satisfying Section 12's "transacts business" standard. On the contrary, Homie argued that the declaration Keller Williams submitted in support of its motion "on its face discloses transactions in Utah likely sufficient to satisfy personal jurisdiction under Section 12." (*Id*. at 31.)

After defendants finished briefing their motions to dismiss, this Court scheduled oral argument on those motions for February 13, 2025. Two weeks after the Court's scheduling order, apparently recognizing that jurisdictional discovery may not be sought through a reference in a brief, Homie "prophylactically" moved for jurisdictional discovery, "contingent" on this Court being persuaded that it lacked personal jurisdiction. (ECF 91, at 1.) Homie also sought to rebut factual assertions in declarations supporting the HomeServices defendants' personal jurisdiction motion, including by asking the Court to take judicial notice of the jury verdict in *Burnett v. National Ass'n of Realtors*. (ECF Nos. 91-92.) As to Keller Williams, Homie did not identify any jurisdictional factual dispute it hoped to resolve through discovery. Instead, Homie doubled-down on its position that Keller Williams's own "declaration . . . on its face discloses transactions in Utah likely sufficient to satisfy personal jurisdiction under Section 12." (ECF No. 91, at 3.)

Homie then withdrew its motion and amended it to also seek jurisdictional discovery from RE/MAX (ECF No. 94 ("Mot.")), adding nothing to support its request for jurisdictional discovery from Keller Williams or RE/MAX.

3

## ARGUMENT

**I.     HOMIE'S REQUEST FOR JURISDICTIONAL DISCOVERY SHOULD BE DENIED BECAUSE IT DEPENDS ON ESTABLISHING JURISDICTION FOR A CLAIM IT FAILED TO PLEAD**

Homie's request for jurisdictional discovery should be denied because Homie premises jurisdiction (and its request for discovery) on its claim under the Sherman Act but failed to state that claim. "[I]n cases such as this one with multiple defendants—over some of whom the court . . . has personal jurisdiction—in which all defendants collectively challenge the legal sufficiency of the plaintiff's cause of action, [the Court] may address first the facial challenge to the underlying cause of action and, if [the Court] dismiss[es] the claim in its entirety, decline to address the personal jurisdictional claims." *Chevron Corp. v. Naranjo*, 667 F.3d 232, 246 n.17 (2d Cir. 2012); *see also* Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1067.6 (4th ed. 2019) ("[A] court simply may avoid the [personal jurisdiction] issue by resolving the suit on the merits when they clearly must be decided in favor of the party challenging jurisdiction . . . ."); *Franklin Covey Co. v. Com. Metals Co.*, 2017 WL 3503366, at *5 (D. Utah Aug. 15, 2017) (unpublished) (denying jurisdictional discovery after determining that the "requested discovery would be futile").[2]

While Section 12 of the Clayton Act provides for personal jurisdiction for Sherman Act claims when the defendant "transacts business" in the district, "fail[ing] to adequately plead a federal antitrust claim" forecloses this "jurisdictional option[]" because Section 12 "drop[s] out of the case." *Tamburo v. Dworkin*, 601 F.3d 693, 700 n.6 (7th Cir. 2010); *see also Batton v. Nat'l*

---

[2]   All internal brackets, citations, and quotations are omitted unless otherwise noted.

4

*Ass'n of Realtors*, 2024 WL 689989, at *11 (N.D. Ill. Feb. 20, 2024) (unpublished) ("[The] court's personal jurisdiction derives from a federal statute authorizing nationwide service of process . . . . [b]ut since [the plaintiff] 'failed to adequately plead a federal claim, these jurisdictional options drop out of the case.'").

For example, in *Batton*—another antitrust case against the same defendants pending in Illinois—the plaintiffs premised personal jurisdiction for their federal antitrust and state law claims on the Clayton Act. *Batton*, 2024 WL 689989, at *11. But after the court dismissed the plaintiffs' federal antitrust claim, it held that "the Clayton Act's jurisdictional basis 'drop[s] out of the case' and is not considered in the personal jurisdiction analysis." *Id*. (alteration in original). And without the Clayton Act, the court then turned to the issue of personal jurisdiction and held that it lacked personal jurisdiction over certain defendants. *Id*.

Here, the Court need not consider Homie's belated request for jurisdictional discovery because it relies on a claim Homie failed to state properly. Like the plaintiffs in *Batton*, Homie attempts to use its claim under the Sherman Act to manufacture jurisdiction for all its claims under Section 12 of the Clayton Act, and seeks discovery only to try to satisfy Section 12's "transacts business" standard. (Mot. at 4-8.) But as Keller Williams explained in its motion to dismiss, Homie's allegations fail to state a cognizable group boycott claim under controlling Supreme Court law, and a party in Homie's position lacks antitrust standing. (Mot. to Dismiss at 8-21.) Therefore, "the Clayton Act's jurisdictional basis 'drop[s] out of the case,'" *Batton*, 2024 WL 689989, at *11, and Homie's request seeks jurisdictional discovery to support a jurisdictional theory that will no longer be available to it. Accordingly, the Court need not consider Homie's request, unless it determines that Homie stated a federal antitrust claim.

## II.    HOMIE IDENTIFIES NOTHING THAT IT SEEKS IN DISCOVERY, MUCH LESS DISCOVERY THAT COULD CURE JURISDICTIONAL DEFECTS

Homie's request should also be denied because Homie specifies no information it seeks from Keller Williams or RE/MAX or how that information would cure its failure to sufficiently allege personal jurisdiction. "The party seeking jurisdictional discovery bears the burden of demonstrating (1) a legal entitlement to it and (2) how the party would be harmed by a denial of jurisdictional discovery." *Cent. Wyo. Neurosurgery, LLC v. Barta-Iso Aviation*, 2013 WL 2457705, at *4 (D. Wyo. June 6, 2013) (unpublished). "[T]he burden of demonstrating a legal entitlement to jurisdictional discovery—and the related prejudice flowing from the discovery's denial—[is] on the party seeking the discovery[.]" *Magnesium Mach., LLC v. Terves LLC*, , 2022 WL 16641839, at *6 (W.D. Okla. Nov. 2, 2022) (unpublished). A party can establish prejudice only "where 'pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more satisfactory showing of the facts is necessary.'" *Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1189 (10th Cir. 2010) (cleaned up); *see also Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1233 (10th Cir. 2020) (no jurisdictional discovery because the plaintiff "points to no relevant facts in dispute").

Along with establishing prejudice, Homie must "tell [the Court] <u>what specific documents</u> it [seeks] in discovery." *Breakthrough*, 629 F.3d at 1190 (emphasis added); *see also Grynberg v. Ivanhoe Energy, Inc.*, 490 F. App'x 86, 104 (10th Cir. 2012) (not selected for publication) ("[T]he district court correctly ruled that the plaintiffs' broad discovery requests '[we]re not tailored to

6

address the limited question of personal jurisdiction.'")[3] And the plaintiff is not entitled to jurisdictional discovery if it fails to show "how discovery . . . would be productive or useful in determining the issue of jurisdiction." *NovaCare, LLC v. SelectMark, Inc.*, 2011 WL 5574954, at *5 (D. Utah Nov. 16, 2011) (unpublished).

Here, Homie's request for jurisdictional discovery should be denied because it concedes that it cannot identify documents it seeks from Keller Williams or RE/MAX or any factual disputes it seeks to resolve through discovery. First, rather than "tell [the Court] what specific documents it [seeks] in discovery" from Keller Williams, *Breakthrough*, 629 F.3d at 1190, Homie admits it cannot identify "the precise nature of" the discovery it seeks (Mot. at 5). Homie's failure to specify the discovery it seeks from Keller Williams or RE/MAX is hardly surprising because Homie's motion barely mentions either.[4] Instead, Homie trains its attention on HomeServices and the information it seeks from HomeServices, arguing that it needs jurisdictional discovery to try to establish a connection between HomeServices and the NAR Rules and judicial notice of the jury verdict in *Burnett* to overcome HomeServices' factual assertions. (Mot. at 3-5.)

But those arguments are irrelevant to Keller Williams and RE/MAX because their personal jurisdiction motions are not based on the NAR Rules or the verdict in *Burnett*. Instead, Keller

---

[3] *See also Young v. Feeney*, 2008 WL 919529, at *4 n.18 (D. Utah Apr. 3, 2008) (unpublished) ("Plaintiffs failed to specify what they intend to discover or how discovery would change the issues placed before the Court in two full rounds of briefing on the Motions to Dismiss."); *McNeill v. Geostar*, 2007 WL 1577671, at *3 (D. Utah May 29, 2007) (unpublished) (denying jurisdictional discovery because the plaintiff failed to identify what he sought in discovery).

[4] Homie's original brief did not even mention jurisdictional discovery as to RE/MAX, and Homie then had to file a corrected motion for discovery because it completely omitted RE/MAX from the discussion, confirming that it does not know what discovery it would seek from RE/MAX.

7

Williams's motion to dismiss demonstrates it is not subject to jurisdiction in Utah by establishing that it lacks the following here: offices, brokerages, real estate agents or control over its franchisees' day-to-day operations. (Mot. to Dismiss at 4.) Homie does not dispute any of those facts or contend that it would seek any information in discovery that could rebut those facts.

Second, rather than establishing prejudice by showing disputed facts bearing on jurisdiction, Homie concedes the opposite by arguing that "the declarations [Keller Williams] submitted do not controvert the facts that would satisfy Section 12." (Mot. at 4.) Homie thus confirms that there are no disputed jurisdictional facts to resolve through discovery and that their dispute with Keller Williams instead is purely legal: whether having franchisees in Utah is enough for the Court to exercise personal jurisdiction over Keller Williams. As Keller Williams established in its motion to dismiss, having franchisees in Utah cannot confer jurisdiction, including under Section 12 of the Clayton Act. (Mot. to Dismiss at 15-18.) *See also Athletes Foot of Del., Inc. v. Ralph Libonati Co.*, 445 F. Supp. 35, 44 (D. Del. 1977) (franchise fees "generated in [district] [were] too tenuous a connection with this district to find that [defendant] is transacting business . . . within the meaning of [Section] 12 of the Clayton Act").

While Homie suggests it might seek discovery about "[f]ranchise fees or other expenditures flowing between Utah and [Keller Williams]" (Mot. at 4), those facts are already established by Keller Williams's declaration, and confirming undisputed facts through discovery would pointlessly impose unwarranted burdens on Keller Williams. *Dental Dynamics*, 946 F.3d at 1233 ("Dental Dynamics fails to carry its burden with respect to showing prejudice [because it] points to no relevant facts in dispute."). Homie's request should therefore be denied because it cannot be prejudiced by being unable to confirm what it already knows.

8

## CONCLUSION

For these reasons, Keller Williams and RE/MAX respectfully ask the Court to deny Homie's amended motion for jurisdictional discovery.

| | |
|---|---|
| Dated: January 17, 2025 | Respectfully submitted, |
| /s/ Boris Bershteyn | /s/ Jeffrey A. LeVee |
| *(Signed by Annika L. Jones with permission of Boris Bershteyn)* | *(Signed by Annika L. Jones with permission of Jeffrey A. LeVee)* |
| Boris Bershteyn (admitted *pro hac vice*) | Jeffrey A. LeVee (admitted *pro hac vice*) |
| Sam Auld (admitted *pro hac vice*) | JONES DAY |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | 555 South Flower Street, 50th Floor |
| One Manhattan West | Los Angeles, California 90071 |
| New York, New York 10001 | Tel: (213) 489-3939 |
| Telephone: 212.735.3834 | jlevee@jonesday.com |
| Facsimile: 917.777.3834 | |
| Email: boris.bershteyn@skadden.com | Eddie Hasdoo (admitted *pro hac vice*) |
|         sam.auld@skadden.com | JONES DAY |
| | 110 N. Wacker, Suite 4800 |
| David C. Kully (admitted *pro hac vice*) | Chicago, Illinois 60606 |
| HOLLAND & KNIGHT LLP | Tel: 312.782.3939 |
| 800 17th Street N.W. Suite 1100 | ehasdoo@jonesday.com |
| Washington, DC  20006 | |
| Telephone: 202.469.5415 | Juliette P. White, (9616) |
| Email: david.kully@hklaw.com | Hannah Ector, USB (17980) |
| | PARSONS BEHLE & LATIMER |
| Amy F. Sorenson (8947) | 201 South Main Street, Suite 1800 |
| Annika L. Jones (16483) | Salt Lake City, Utah 84111 |
| SNELL & WILMER L.L.P. | Tel: 801.532.1234 |
| 15 West South Temple, Suite 1200 | JWhite@parsonsbehle.com |
| Gateway Tower West | HEctor@parsonsbehle.com |
| Salt Lake City, Utah 84101 | |
| Telephone: 801.257.1900 | *Attorneys for Defendant RE/MAX, LLC* |
| Facsimile: 801.257.1800 | |
| Email: asorenson@swlaw.com | |
|        aljones@swlaw.com | |
| | |
| *Attorneys for Defendant Keller Williams Realty, Inc.* | |

9