MASCHOFF BRENNAN GILMORE
    ISRAELSEN & MAURIEL, LLP
Sterling A. Brennan (USBN 10060)
   *sbrennan@mabr.com*
L. Rex Sears (USBN 8548)
   *rsears@mabr.com*
95 South State Street, Suite 800
Salt Lake City, UT 84111
Telephone: (801) 297-1850

Attorneys for Plaintiff
HOMIE TECHNOLOGY, INC.

DHILLON LAW GROUP INC.
Andrew K. Mann (*pro hac vice*)
   *akmann@dhillonlaw.com*
Christopher G. Renner (*pro hac vice*)
   *cgrenner@dhillonlaw.com*
Jonathan M. Shaw (*pro hac vice*)
   *jshaw@dhillonlaw.com*
2121 Eisenhower Avenue, Suite 608
Alexandria, VA 22314
Telephone: (415) 433-1700

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HOMIE TECHNOLOGY, INC., a Delaware corporation,<br><br>               Plaintiff,<br><br>v.<br><br>NATIONAL ASSOCIATION OF REALTORS, an Illinois non-profit association; ANYWHERE REAL ESTATE INC., a Delaware corporation; KELLER WILLIAMS REALTY, INC., a Texas corporation; HOMESERVICES OF AMERICA, INC., a Delaware corporation; HSF AFFILIATES LLC, a Delaware limited liability company; and RE/MAX, LLC, a Delaware limited liability company,<br><br>               Defendants. | Case No. 2:24-cv-00616-DAK-JCB<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF ITS AMENDED AND SUPPLEMENTAL CONTINGENT MOTION FOR JURISDICTIONAL DISCOVERY (ECF 94)**<br><br>*Hearing on Defendants' Motions to Dismiss and Plaintiff's Motion for Jurisdictional Discovery*:<br>Date:   Thursday, February 20, 2025<br>Time:   2:00 p.m.<br>Place:   Via Zoom<br><br>District Judge:   Hon. Dale A. Kimball<br>Magistrate Judge:   Hon. Jared C. Bennett |

## **TABLE OF CONTENTS**

I. Homie's Motion is Sufficiently Specific. ............................................................................ 1

II. Jurisdictional Discovery of HSA and Keller Williams Would be Proper as to Section 12 of the Clayton Act. ........................................................................................... 5

III. Jurisdictional Discovery Would be Proper as to Conspiracy Jurisdiction. ......................... 7

# TABLE OF AUTHORITIES

**Cases**

*7240 Shawnee Mission holding, LLC v. Memnon*,
   2008 WL 4001159, at *3 (D. Kan. Aug. 26, 2008) .................................................................. 9

*Athletes Foot of Del., Inc. v. Ralph Libonati Co.*,
   445 F. Supp. 35 (D. Del. 1977) ................................................................................................ 6

*Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort*,
   629 F.3d 1173, 1190 (10th Cir. 2010) ..................................................................................... 2

*Burnett v. National Ass'n of Realtors*,
   2022 WL 17741708, at *7 & n. 7 (W.D. Mo. Dec. 16, 2022) .......................................... 6, 8, 9

*City of Moundridge v. Exxon Mobil Corp.*,
   244 F.R.D. 10 (D.D.C. 2007) ................................................................................................... 3

*Edgar v. Teva Pharm. Indus., Ltd.*,
   2024 WL 1282785, at *6 (D. Kan. Mar. 26, 2024) .................................................................. 2

*Gregory v. Prepared Food Photos, Inc.*,
   2024 WL 1213987, *1 (D. Utah Mar. 21, 2024) ...................................................................... 1

*JRS Partners, GP v. Leech Tishman Fuscaldo & Lampl, LLC*,
   2020 WL 5877131, at *1, n.1 (M.D. Tenn. Oct. 2, 2020) ........................................................ 4

*McCarthy v. Yamaha Motor Manufacturing Corp.*,
   994 F. Supp. 2d 1318 (N.D. Ga. 2014) .................................................................................... 3

*Metcalfe v. Renaissance Marine, Inc.*,
   566 F.3d 324, 335 n.9 (3d Cir. 2009) ....................................................................................... 4

*Nasdac Grp. Mgmt. Consultancies v. Club Swan, LLC*,
   2024 WL 5263758, at *6 (D. Utah Dec. 31, 2024) .............................................................. 1, 6

*Nat'l Fair Hous. All. v. Brookdale Santa Fe*,
   621 F. Supp. 3d 1271, 1280 (D.N.M. 2022) ............................................................................ 9

*Renner v. Lanard Toys Ltd.*,
   33 F.3d 277, 283 (3d Cir. 1994) ............................................................................................... 3

*Schramm v. Oakes*,
   352 F.2d 143, 149 (10th Cir.1965) ......................................................................................... 10

*TKC El Centro LLC v. Cardno, Inc.*,
    2024 WL 3510991, at *1 (D. Utah July 22, 2024)........................................................................ 1

Case 2:24-cv-00616-DAK-JCB    Document 103    Filed 01/30/25    PageID.1057    Page 4 of 14

Plaintiff Homie Technology, Inc.'s ("Homie" or "Plaintiff") contingent motion for jurisdictional discovery (ECF 94) requests that this Court exercise its discretion to order jurisdictional discovery in the event it finds that Plaintiff has not adequately alleged this Court's personal jurisdiction over Defendants HomeServices of America, Inc. ("HSA"), HSF Affiliates LLC (collectively, "the HomeServices Defendants"), Keller Williams Realty, Inc. ("Keller Williams"), and RE/MAX, LLC ("RML"). The HomeServices Defendants, Keller Williams, and RML oppose the contingent motion. (ECF 99; ECF 100.) This is Homie's Reply in support of its contingent motion for jurisdictional discovery.

I. **Homie's Motion is Sufficiently Specific.**

Defendants argue that Plaintiff's motion should be denied because it is not sufficiently specific as to the discovery it seeks. (ECF 99 2-3; ECF 100 6-8.) Courts in this District routinely grant jurisdictional discovery requested in response to a motion to dismiss for lack of personal jurisdiction into the factual issues controverted by the motion to dismiss. In those cases, the scope of jurisdictional discovery was delimited by the factual issues raised by a motion to dismiss for lack of personal jurisdiction. *Nasdac Grp. Mgmt. Consultancies v. Club Swan, LLC*, 2024 WL 5263758, at *6 (D. Utah Dec. 31, 2024) (when plaintiff has "presented factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts" of a defendant with Utah, plaintiff "should be allowed discovery on these factual issues.") (cleaned up); *TKC El Centro LLC v. Cardno, Inc.*, 2024 WL 3510991, at *1 (D. Utah July 22, 2024) (Kimball, J.) ("When a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion.") (cleaned up); *Gregory v. Prepared Food Photos, Inc.*, 2024 WL 1213987, *1 (D. Utah Mar. 21, 2024) (ordering discovery when plaintiff "seeks discovery relevant to contested jurisdictional facts.").

1

In this case, the parties' jurisdictional disputes are adequately delimited by the factual disputes raised by the briefing on the jurisdictional aspects of Defendants' motions to dismiss and by Homie's contingent motion for jurisdictional discovery, as explained at greater length in Sections II and III below. The Court can and should order limited discovery into these issues if it finds that Homie's allegations are insufficient.

Keller Williams cites *Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1190 (10th Cir. 2010), for the proposition that "Homie must 'tell [the Court] what specific documents it [seeks] in discovery.'" (ECF 100 at 6.) But *Breakthrough* says no such thing; the Tenth Circuit did not hold that the party seeking discovery "must" do that before the district court but rather observed that the appellant in that case had not done so in declining to disturb the district court's exercise of discretion on appeal. District courts applying *Breakthrough* have declined to read that case as requiring that the movant "must" in each and every case identify specific documents to be entitled to jurisdictional discovery in responding to a motion to dismiss. *Edgar v. Teva Pharm. Indus., Ltd.*, 2024 WL 1282785, at *6 (D. Kan. Mar. 26, 2024) ("Plaintiffs identify several cases where the court granted jurisdictional discovery without requiring the party to identify specific documents. . . These cases demonstrate that jurisdictional discovery is committed to the trial court's broad discretion. The court exercises that discretion here and concludes that plaintiffs need not identify the specific discovery they seek because plaintiffs have identified three distinct areas of factual dispute.").

The HomeServices Defendants cite two cases from other Circuits and not applying Tenth Circuit law that they claim require Homie to identify now specific documents that it would seek in discovery or to attach specimen discovery requests that it would seek to serve if jurisdictional discovery is ordered. (ECF 99 at 2-3.) Neither case is procedurally apposite. In *City of*

2

*Moundridge v. Exxon Mobil Corp.*, 244 F.R.D. 10 (D.D.C. 2007) the plaintiff sought jurisdictional discovery *after* the court granted a motion to dismiss and thus had the benefit of guidance from the court as to which factual issues were in need of further elaboration. *Id*. at 14-15. Similarly, in *McCarthy v. Yamaha Motor Manufacturing Corp.*, 994 F. Supp. 2d 1318 (N.D. Ga. 2014), the insufficient request for further jurisdictional discovery came after the defendant had answered and the parties had conducted extensive discovery. *Id*. at 1328. But as Homie has already explained (ECF 94 at 5), where a request for a jurisdictional discovery is made after the defendant moves to dismiss for lack of jurisdiction and before the court rules on that motion, the plaintiff's ability to specify the discovery it seeks is inherently limited precisely because the plaintiff cannot know for certain the precise factual issues on which discovery would be useful for the court in resolving the jurisdictional dispute.  And in both cases the language cited by the HomeServices Defendants was dicta because, *inter alia*, the request for jurisdictional discovery was untimely and thus failed for independent reasons. *City of Mouldbridge*, 244 F.R.D. at 16; *McCarthy*, 994 F. Supp. 2d at 1328.

Many cases recognize that a plaintiff may be reasonably unable to frame with specificity the factual issues on which jurisdictional discovery is necessary when the request is made after a motion to dismiss but before a ruling on the motion to dismiss. For example, in *Renner v. Lanard Toys Ltd.*, 33 F.3d 277, 283 (3d Cir. 1994), the court vacated the entry of a motion to dismiss for lack of personal jurisdiction and remanded to the district court with instructions to order the jurisdictional discovery sought by the plaintiff before the district court. The plaintiff's request for jurisdictional discovery in *Renner* was substantially less specific than the one made by Homie either in opposition to Defendants' motion to dismiss or later in its motion for such discovery. The court noted first that "Although the Renners failed to make formal discovery requests, they

3

preserved their position that discovery was needed in their Memorandum of Law in opposition to Lanard's motion to dismiss for lack of personal jurisdiction." *Id*. The court then recited the request that it found sufficient to serve as the vehicle for the exercise of the district court's discretion: "'As this is a dispositive motion, and one heavily reliant on the presence or absence of facts, this Honorable Court has the discretion to dismiss the Motion as premature, or set a period for discovery on issues relevant to the instant matter.'" *Id*. at n.3. Nothing more was required in *Renner* to properly invoke the exercise of the district court's discretion. A similarly unadorned request for jurisdictional discovery made in advance of a ruling on a motion to dismiss was held sufficient in *Metcalfe v. Renaissance Marine, Inc.,* 566 F.3d 324, 335 n.9 (3d Cir. 2009) (holding that plaintiff properly presented a request for jurisdictional discovery in an opposition to a motion to dismiss by writing "[S]hould this Court want additional evidence regarding Renaissance's contacts with the Virgin Islands, the Metcalfes should be allowed to engage in discovery limited to the issue of personal jurisdiction.").

  The HomeServices Defendants also cite *JRS Partners, GP v. Leech Tishman Fuscaldo & Lampl, LLC*, 2020 WL 5877131, at *1, n.1 (M.D. Tenn. Oct. 2, 2020) for the proposition that a plaintiff may not make a contingent motion for jurisdictional discovery in response to a motion to dismiss for lack of jurisdiction (ECF 99 at 1), but that case is also procedurally inapposite. In *JRS Partners* the plaintiff had made no motion at all but rather made the request for jurisdictional discovery in their opposition brief to the motion to dismiss, and the court in the language selectively cited by the HomeServices Defendants was faulting the plaintiffs for not having made a separate motion for jurisdictional discovery. As Homie has now filed the separate motion for jurisdictional discovery required by the court in *JRS Partners* that case is irrelevant, and in any event the practice of filing contingent motions for jurisdictional discovery (and in some courts,

4

even contingent requests for such discovery) is well-established in the federal courts, as the cases cited by Homie above amply demonstrate.

      II.      **Jurisdictional Discovery of HSA and Keller Williams Would be Proper as to Section 12 of the Clayton Act.**

Homie contends that jurisdiction over HSA and Keller Williams is proper under Section 12 of the Clayton Act. (ECF 78 at 28-31.) If the court decides that Section 12's venue provisions need not be satisfied in order for Homie to base jurisdiction over HSA and Keller Williams under Section 12, as other district courts in this Circuit have done, then jurisdiction over those Defendants under Section 12 is proper and no discovery on this subject is necessary. (ECF 94 at 2 & n.2; ECF 78 at 30.) But if the Court decides that Homie must also satisfy Section 12's venue provision, and further finds that more facts are necessary for the application of that provision, then discovery should be ordered into that issue, which Homie has explained (ECF 94 at 2-3) turns on whether HSA and Keller Williams are "transacting business" in Utah, directly or through their affiliates, subsidiaries, and franchisees.

In opposition to Homie's motion HSA offers no argument or explanation as to why the billions of dollars of home sales its subsidiaries and affiliates broker annually in Utah would be insufficient to satisfy the "transacting business" standard, which it surely does. In a footnote, HSA claims that its Utah affiliates are not its own but are instead "owned and operated by BHH Affiliates, LLC" (ECF 99 at 3 n.2), but the Complaint alleges that BHH Affiliates, LLC is itself a subsidiary of HSA (ECF 1 ¶ 21) and Homie's motion (ECF 94 at 2-3) explained that the transacting business standard may be satisfied by a holding company's operations through its subsidiaries and affiliates when the holding company exercise some control over the subsidiary's operations relevant to the plaintiff's claims, which Homie has plausibly alleged as to HSA (ECF 1 ¶¶ 7-9, 110-111, 124, 126). *See also Burnett v. National Ass'n of Realtors*, 2022 WL 17741708,

at *7 & n. 7 (W.D. Mo. Dec. 16, 2022) (finding a triable issue of fact as to HSA's instructions to its affiliates to abide by and enforce the rules challenged by Homie in this case). Although HSA now claims before this Court that it did not instruct its subsidiaries and affiliates to implement NAR's Exclusionary Rules and Policies ("ERPs") (ECF 83 at 1-3; ECF 83-1), jurisdictional discovery should be had into this issue to supplement the record if the Court finds that HSA's untested affidavit is sufficient to controvert Homie's well-pled allegations of fact as to the application of Section 12 of the Clayton Act.

Keller Williams—which has already admitted that it receives franchise fees from franchisors brokering billions of dollars annually in home sales in this State—cites *Athletes Foot of Del., Inc. v. Ralph Libonati Co.,* 445 F. Supp. 35 (D. Del. 1977), for the proposition that the receipt of franchise fees from in-state franchisees is insufficient to show that the defendant "transacts business" within the meaning of Section 12 of the Clayton Act. (ECF 100 at 8.) But *Athletes Foot* does not stand for the proposition that the receipt of franchise fees is categorically insufficient to satisfy Section 12, only that the receipt of a *de minimis* amount of fees from a single in-state store absent any allegation of control by the defendant over the operation of the franchise relevant to the plaintiff's antitrust claims is. *Athletes Foot*, 445 F. Supp. at 44. Homie has plausibly alleged facts that show that the franchise fees received by Keller Williams are unlikely to be *de minimis*, and that Keller Williams exercised control over those franchises in ways relevant to Homie's antitrust claims. (ECF 1 ¶¶ 7-9, 110-11, 124, 127). These well-pled factual allegations should be sufficient to deny Keller William's motion to dismiss for lack of personal jurisdiction, but if not then they are clearly a sufficient predicate for the Court to order jurisdictional discovery on this issue. *Nasdac Grp.*, 2024 WL 5263758, at *6 (ordering jurisdictional discovery when plaintiff has "presented factual allegations that suggest with

reasonable particularity the possible existence of the requisite contacts" of a defendant with Utah) (cleaned up).

### III. Jurisdictional Discovery Would be Proper as to Conspiracy Jurisdiction.

Homie contends that the Court has personal jurisdiction over all Defendants pursuant to the conspiracy jurisdiction doctrine. (ECF 78 at 26-28.) The HomeServices Defendants, Keller Williams, and RML deny that Homie has adequately alleged the basis for that theory of jurisdiction (ECF 83 at 1-3; ECF 84 at 7-8; ECF 85 at 2) and the HomeServices Defendants improperly attached affidavits to their reply brief (ECF 83-1; ECF 83-2) purporting to controvert Homie's factual allegations relating to the HomeServices Defendants' well-documented involvement in the conspiracy alleged by Homie. Homie timely objected to the HomeServices Defendants' affidavits (ECF 88) and filed in support of its motion for jurisdictional discovery a request for judicial notice of a jury verdict in *Burnett*, another case challenging the Defendants' involvement in the conspiracy alleged by Homie (ECF 95).[1]

There are two factual disputes as to the HomeServices Defendants' participation in the conspiracy alleged by Homie on which the Court should order jurisdictional discovery in the event the Court determines that Homie's allegations require factual supplementation.

The first factual issue that could be supplemented through discovery is whether the HomeServices Defendants participated in the formulation of NAR's ERPs. Homie alleges that

---

[1] The HomeServices Defendants claim that Homie waived its right to seek jurisdictional discovery of them relevant to the Court's exercise of conspiracy jurisdiction over them by failing to include a request for that discovery in its opposition to their motion to dismiss. (ECF 99 at 3.) But the HomeServices Defendants' belated challenge to the factual predicate of the exercise of conspiracy jurisdiction over them came for the first time in their Reply brief (ECF 83), and Homie could hardly have waived in its opposition brief a contingent request to seek discovery on grounds that the HomeServices Defendants lodged for the first time in their Reply.

7

the HomeServices Defendants were involved in formulating, promulgating, and enforcing the ERPs (ECF 1 ¶¶ 7-9, 110-123), and the *Burnett* court recited evidence on this issue in denying the HomeServices Defendants summary judgment. *Burnett*, 2022 WL 17741708, at *4 ("The HomeServices Defendants campaigned for NAR to adopt the Clear Cooperation Rule.") The jury verdict in *Burnett* (ECF 95 Ex. A) similarly shows evidence of the HomeServices Defendants' involvement in the conspiracy. The HomeServices Defendants now deny before this Court that they had any involvement in the formulation, promulgation, or enforcement of the ERPs. (ECF 83 at 1-3; ECF 83-1; ECF 83-2.) Homie believes that its well-pled allegations of fact are sufficient to establish the HomeServices Defendants' involvement in the conspiracy alleged by Homie, but if the Court needs more information to determine the jurisdictional issue discovery should be ordered on this issue as well.

The second factual issue that could be supplemented through discovery is whether the HomeServices Defendants caused any Utah affiliate or franchisee to adopt or enforce NAR's ERPs, an issue which also arises in connection with the Court's exercise of jurisdiction over HSA under Section 12 of the Clayton Act. Homie alleges that the HomeServices Defendants did cause their Utah affiliates to join NAR and abide by NAR's ERPs (ECF 1 ¶¶ 7-9, 110-111, 124, 126), and the HomeServices Defendants deny it (ECF 83 at 1-3; ECF 83-1; ECF 83-2). Limited discovery on this issue should be ordered if helpful to the Court.

The HomeServices Defendants claim that the conspiracy in *Burnett* had nothing to do with this case, and thus that the jury verdict from that case submitted by Homie in support of its motion for jurisdictional discovery is entitled to no weight. (ECF 99 at 3.) While the class in *Burnett* sought recovery for overcharges due to the enforcement of NAR's ERPs in certain markets in Missouri, Homie alleges that the ERPs apply nationally (ECF 1 ¶¶ 4, 58, 63, 76, 80,

8

86, 93, 95, 106) and thus *Burnett* is relevant to this one insofar as it relates to HomeServices Defendants' involvement in the nationwide promulgation of NAR's ERPs. *Burnett* is also relevant insofar as it shows that the HomeServices Defendants caused their affiliates to adopt and follow NAR's ERPs both inside and outside of Missouri, as the evidence recited by the court in *Burnett* on this issue was not on its face limited to Missouri. *Burnett*, 2022 WL 17741708, at \*\* 3 & n.7. Although the HomeServices Defendants cite *Nat'l Fair Hous. All. v. Brookdale Santa Fe,* 621 F. Supp. 3d 1271, 1280 (D.N.M. 2022), for the proposition that the Court may not rely on the *Burnett* verdict to establish personal jurisdiction over them (*i.e.*., in deciding the motion to dismiss for lack of jurisdiction), the Court certainly may consider the *Burnett* verdict in weighing the credibility and probative value of the HomeServices Defendants' untested denials of their involvement in the conspiracy for the limited purpose of deciding whether to order jurisdictional discovery. *See 7240 Shawnee Mission holding, LLC v. Memnon*, 2008 WL 4001159, at \*3 (D. Kan. Aug. 26, 2008) (granting jurisdictional discovery when defendant's affidavit denying involvement in a conspiracy was controverted by suggestive but not dispositive evidence proffered by plaintiff; "The court acknowledges that this exhibit alone does not give rise to a prima facie showing of Penn Title's minimum contacts with Kansas sufficient for jurisdiction. This is relevant, however, in controverting the Corrigan Affidavit, which denied that Penn Title was involved with *any* of the other defendants with regard to *any* transactions alleged in the Complaint.").

   Keller Williams and RML submitted no affidavits in connection with their arguments that Homie failed to plausibly allege this Court's personal jurisdiction over them pursuant to conspiracy jurisdiction. Because Keller Williams and RML have failed to controvert Homie's well-pled allegations of fact showing their participation in the conspiracy alleged by Homie, the

9

Court should simply defer ruling on its personal jurisdiction over those two defendants until trial. *Schramm v. Oakes*, 352 F.2d 143, 149 (10th Cir.1965) (holding that "where the issue of jurisdiction is dependent upon a decision on the merits … the trial court should determine jurisdiction by proceeding to a decision on the merits. The purpose of postponing a determination upon a jurisdictional question when it is tied to the actual merits of the case is to prevent a summary decision on the merits without the ordinary incidents of a trial including the right to jury."). But if the Court determines that factual elaboration as to its jurisdiction over Keller Williams and RML is needed now, then Homie suggests that discovery be ordered into their role in the formulation, promulgation, and enforcement of NAR's ERPs and whether they caused Utah affiliates and franchisees to join NAR and abide by NAR's ERPs, similar to the discovery Homie contingently seeks from the HomeServices Defendants.

Dated: January 30, 2025

Respectfully submitted,

Sterling A. Brennan  
L. Rex Sears  
MASCHOFF BRENNAN  
   GILMORE ISRAELSEN & MAURIEL, LLP

Andrew K. Mann  
Christopher G. Renner  
Jonathan M. Shaw  
DHILLON LAW GROUP, INC.

*/s/ Sterling A. Brennan*  
   Sterling A. Brennan

Attorneys for Plaintiff HOMIE TECHNOLOGY, INC.