MASCHOFF BRENNAN GILMORE
 ISRAELSEN & MAURIEL, LLP
Sterling A. Brennan (USBN 10060)
 *sbrennan@mabr.com*
L. Rex Sears (USBN 8548)
 *rsears@mabr.com*
95 South State Street, Suite 800
Salt Lake City, UT 84111
Telephone: (801) 297-1850

Attorneys for Plaintiff
HOMIE TECHNOLOGY, INC.

DHILLON LAW GROUP INC.
Andrew K. Mann (*pro hac vice*)
 *akmann@dhillonlaw.com*
Christopher G. Renner (*pro hac vice*)
 *cgrenner@dhillonlaw.com*
Jonathan M. Shaw (*pro hac vice*)
 *jshaw@dhillonlaw.com*
2121 Eisenhower Avenue, Suite 608
Alexandria, VA 22314
Telephone: (415) 433-1700

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HOMIE TECHNOLOGY, INC., a Delaware corporation,<br><br>   Plaintiff,<br><br>v.<br><br>NATIONAL ASSOCIATION OF REALTORS, an Illinois non-profit association; ANYWHERE REAL ESTATE INC., a Delaware corporation; KELLER WILLIAMS REALTY, INC., a Texas corporation; HOMESERVICES OF AMERICA, INC., a Delaware corporation; HSF AFFILIATES LLC, a Delaware limited liability company; and RE/MAX, LLC, a Delaware limited liability company,<br><br>   Defendants. | Case No. 2:24-cv-00616-DAK-JCB<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY (ECF 101)**<br><br>Hearing on Defendants' Motions to Dismiss and Plaintiff's Motion for Jurisdictional Discovery:<br>Date: Thursday, February 20, 2025<br>Time: 2:00 p.m.<br>Place: Via Zoom<br><br><br>District Judge: Hon. Dale A. Kimball<br>Magistrate Judge: Hon. Jared C. Bennett |

Plaintiff Homie Technology, Inc. ("Homie") respectfully files pursuant to Local Rule 7-1(c) this Response to the Notice of Supplemental Authority (ECF 101) filed by Defendants Anywhere Real Estate Inc. and RE/MAX, LLC regarding the Tenth Circuit's recent opinion in *Ass'n of Surg. Assts. v. Nat'l Bd. of Surg. Tech., et al.*, No. 23-1344, --- F.4th ---, 2025 WL 249387 (10th Cir. Jan. 21, 2025) (slip op.).

In *Ass'n of Surg. Assts.* the Tenth Circuit affirmed the dismissal of the complaint because it failed "to establish the threshold requirement of an antitrust claim: the relevant market." *Ass'n of Surg. Assts.*, 2025 WL 249387, at *1. The relevant market in *Ass'n of Surg. Assts.* was insufficient because it artificially limited the relevant market to the services offered by the defendants and failed to account for substitutes to those services. *Id*. at **4-7. The Tenth Circuit affirmed the dismissal of the plaintiff's complaint because this "glaring" deficiency in the alleged relevant market disclosed on its face an "alternative … natural competitive pathway" for the plaintiff to compete with the defendants that was unaffected by the alleged anticompetitive conduct. *Id*. at *5. No such deficiency—nor any deficiency at all—has been identified by Defendants with the relevant market alleged by Homie, which is based on the well-recognized dominance of the multiple listing services ("MLS") administered by the Defendants in the marketing of residential real estate and controlled by the conduct alleged by Homie to be unlawful. Unlike the situation in *Ass'n of Surg. Assts.*, there is no "alternative … natural competitive pathway" outside the MLS available to Homie to market residential real estate brokerage services to consumers, and in fact Homie alleges with factual specificity the steps that Defendants took pursuant to their conspiracy to eliminate any such possibility. (ECF 1 ¶¶ 40, 56, 87-93) (describing purpose and effect of the Clear Cooperation Policy).

The Tenth Circuit also examined and found insufficient the plaintiff's allegations of concerted action among the defendants and antitrust injury. *Ass'n of Surg. Assts.*, 2025 WL 249387, at *7-9. It found the plaintiff's "conclusory" allegations of concerted action insufficient because the plaintiff failed to allege any evidence of communication between the two defendants. *Id*. at *7. By contrast, Homie has pled direct evidence of concerted action in the form of association rules. (ECF 78 at 4-5).

The Tenth Circuit's discussion of antitrust injury in *Ass'n of Surg. Assts*. is similarly unhelpful for the Defendants. Defendants suggest that the Tenth Circuit affirmed the dismissal of the plaintiff's complaint because the "plaintiff was a competitor and 'not a buyer or seller in the affected market.'" (ECF 101 at 3.) But the Tenth Circuit did not hold that the plaintiff in that case failed to allege that it suffered an antitrust injury *because* it was a competitor (the inference the Defendants apparently wish the Court to draw) but instead observed that the plaintiff did not plausibly allege an injury in fact that flowed from conduct that the antitrust laws prohibit. *Ass'n of Surg. Assts.*, 2025 WL 249387, at *8. The Tenth Circuit's decision in *Ass'n of Surg. Assts*. cited and left undisturbed prior cases establishing that competitor plaintiffs injured by an antitrust violation have antitrust standing. *Id*. at *6 (citing *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 762 F.3d 1114, 1123 (10th Cir. 2014), and *Reazin v. Blue Cross & Blue Shield of Kan., Inc.*, 899 F.2d 951(10th Cir. 1990)); at *7 (citing *Multistate Legal Stud., Inc. v. Harcourt Brace Jovanovich Legal & Pro. Publ'ns, Inc.*, 63 F.3d 1540 (10th Cir. 1995). The plaintiff in *Ass'n of Surg. Assts*. failed to allege an antitrust injury for the same reason it failed to allege a relevant market, namely the obvious "alternative competitive pathway" available to the plaintiff that was unaffected by the conduct alleged to be unlawful and that foreclosed the possibility that plaintiff's injuries in fact flowed from conduct that violated the Sherman Act. *Id*. at **8-9.

Dated: February 3, 2025

Respectfully submitted,

Sterling A. Brennan
L. Rex Sears
MASCHOFF BRENNAN
    GILMORE ISRAELSEN & MAURIEL, LLP

Andrew K. Mann
Christopher G. Renner
Jonathan M. Shaw
DHILLON LAW GROUP, INC.

*/s/ Sterling A. Brennan*
    Sterling A. Brennan

Attorneys for Plaintiff HOMIE TECHNOLOGY, INC.